IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BETTINA MCQUILKIN,<br><br>    Plaintiff,<br><br>v.<br><br>FOUR SEASONS HOME IMPROVEMENT, LLC AND BRYAN ARIAS,<br><br>    Defendants. | CIVIL ACTION FILE NO: |

## COMPLAINT

Plaintiff, Bettina McQuilkin, by and through counsel, hereby files this Complaint against Four Seasons Home Improvement, LLC and Bryan Arias and alleges as follows:

### INTRODUCTION

1.

This is an action to recover for retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. § 207 *et seq.* ("FLSA") and for violation of various Georgia State laws. Specifically, Plaintiff, Bettina McQuilkin, is suing over her termination, which was on account of her opposition to various illegal practices, including: the Defendants' willful misclassification of employees to avoid

compliance with the FLSA and other federal statutes; the Defendants' intentional employment of undocumented workers; and the Defendants' insistence that she commit fraud in the payment of wages and in record keeping associated with the on-going illegal employment of these undocumented workers.  Plaintiff is seeking back pay, compensatory and punitive damages, liquidated damages and attorneys' fees to remedy these violations of state and federal law.

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 215(a)(3) *et seq.* Jurisdiction over Plaintiff's state law claims is invoked pursuant to this Court's supplemental jurisdiction under 28 U.S.C. §1367.

3.

Venue is proper pursuant to 28 U.S.C. § 1391 in that the unlawful employment practices and the violations of Plaintiff's rights alleged below were committed in this judicial district.

## PARTIES

4.

Plaintiff, Bettina McQuilkin, is a legal resident and citizen of the United States and of the State of Georgia.  She was formerly an accountant and book

keeper for Four Seasons Home Improvement, LLC ("Four Seasons") and was an "employee" as that term is defined under 29 U.S.C. §203(e) of the FLSA. Plaintiff submits herself to the jurisdiction of this Court.

5.

Defendant Four Seasons is a Georgia corporation with its principal place of business located at 875 Old Roswell Road, Suite G-300, Roswell, Georgia 30076. It is an "enterprise engaged in commerce or in production of goods for commerce" as that term is defined under the FLSA, 29 U.S.C. § 203(s). It is also an "employer" as that term is defined under the FLSA, 29 U.S.C. §203(d), and is subject to the provisions of the Act relating to payment of overtime compensation. It may be served by delivering process to its registered agent, Defendant Bryan Arias at 875 Old Roswell Road, Suite G-300, Roswell, Georgia 30076.

6.

Defendant Bryan Arias is citizen and resident of the state of Georgia. He is the current owner and manager of Defendant Four Seasons. Defendant Arias, as the owner and manager of Defendant Four Seasons, acts as an agent of that employer in relation to its employees and is, therefore, also an "employer" as that term is defined under the FLSA, 29 U.S.C. §203(d). He may be served by

delivering process to him personally at his business address located at 875 Old Roswell Road, Suite G-300, Roswell, Georgia 30076.

## STATEMENT OF FACTS

7.

Defendant Four Seasons is a home improvement and construction company employing approximately twenty to twenty five workers, including office staff.

8.

Defendant Four Seasons is owned and operated by Defendant Arias and his business partner Mauricio Aguero.

9.

During the period of Plaintiff's employment, with the exception of Defendant Arias and Mr. Aguero, all of the persons employed by Defendant Four Seasons had wages reported on a form 1099, despite the fact that Defendants entirely controlled the method and manner of employment.

10.

For example, the office staff and the construction workers for the company had their schedules, including the hours of work, and the manner of the work they were to perform dictated by Defendant Arias or Mr. Aguero.

11.

None of these employees supplied their own equipment or materials; rather, equipment and materials, including transportation expenses for construction workers were at all times supplied by the company.

12.

None of the employees had the privilege of hiring assistants or others to work with them on company projects.

13.

All employees provided work that was integral to the business, either through operation of its office or provision of labor associated with its construction or remodeling operations.

14.

The location of the employees work was directed by the Defendants.

15.

All employees were economically dependent upon Defendant Four Seasons for their wages.

16.

Plaintiff was one of the employees of Defendant Four Seasons.

17.

Plaintiff worked for Defendant Four Seasons as its primary accountant and book keeper from approximately March 2011, through April 15, 2011.

18.

In applying for the position, Plaintiff filled out an employment application and was hired by Defendant Arias.

19.

Plaintiff's job required that she work in Defendants' offices during hours that were set by Defendant Arias.

20.

Plaintiffs work was directed and supervised by Defendant Arias.

21.

Among her many duties were tasks that were integral to the business operations of Defendant Four Seasons, including preparation of tax information, handling invoices, updating accounts, answering the phones, scheduling appointments, taking care of supplies, running office meetings, handling payroll, preparing all monthly reports and accounting documents.

22.

In performing her duties for the company, Plaintiff relied on Defendant Arias for all of her tools and equipment, including computers, office supplies and work space.

23.

Plaintiff's rate of pay was also determined by Defendant Arias.

24.

As with other employees of the company, her employment records, including her application for employment, were maintained by Defendant Four Seasons.

25.

Beginning shortly after she was hired, Plaintiff began to complain to Defendant Arias that Four Seasons was not properly classifying its employees, including her. In particular, Plaintiff questioned the designation of many employees, including her, as independent contractors given the amount of control that was exercised over the method and manner of their work for the company.

26.

Despite Plaintiff's concerns, Defendants continued to misclassify many of the Four Seasons employees, including Plaintiff, as independent contractors and

reporting their pay on an IRS form 1099, thereby avoiding the necessity of paying overtime, the application of federal laws based on the numbers of employees on the payroll and the requirements of paying unemployment benefits or taxes.

27.

In addition, by late March and continuing into April, 2011, Defendant Arias was repeatedly demanding that Plaintiff pay, as independent contractors, workers that had no valid identification and that could not produce proper documentation substantiating their eligibility to work in the United States.

28.

Plaintiff made clear her strong objection to hiring and paying workers who could not produce valid identification or documentation substantiating their eligibility to work in the United States.

29.

In or around April 15, 2011, Plaintiff again raised the concern that Four Seasons was misclassifying many of its employees, including herself, as independent contractors.

30.

Defendant Arias again refused to address these complaints, requiring that she continue to pay herself and other workers as independent contractors.  In

addition, he demanded that Plaintiff use a scheme to compensate undocumented workers by paying extra money to those employees that could verify their eligibility to work in the United States, which money could then be passed along to the ineligible workers.

31.

Plaintiff refused to have any part in these practices and refuse to participate in the scheme because it would amount to fraud and a violation of the law.

32.

On April 15, 2011, Defendant Arias confronted Plaintiff over her objections and her criticisms of company practices.

33.

Plaintiff was told by Defendant Arias that he could not accept her objections every time she was asked to pay someone who was illegal.

34.

Defendant Arias stated that Defendants' hiring, employment and pay practices were the "nature" of the "business."

35.

Defendant further told Plaintiff that if she found the company "policies and procedures to be disturbing" then Four Seasons was "not the place for her."

36.

Plaintiff was then told to gather her things and, despite her otherwise strong performance on the job, was fired on the spot.

37.

Defendant's conduct in terminating Plaintiff based solely upon her objections to practices that were made illegal by the FLSA, among other laws, and her refusal to violate the law, was a direct violation of the FLSA's anti-retaliation provisions as set forth in § 215(a)(3) of the Act.

38.

Defendants had no reasonable grounds for believing that their hiring, employment and pay practices or the termination of the Plaintiff was appropriate under the FLSA.

39.

Being fired in this manner, caused Plaintiff to suffer severe emotional distress.

40.

The loss of this job was all the more devastating because Plaintiff's husband was in the military and stationed outside of Georgia, leaving her to try and find work while raising their children.

41.

Being fired and left without the additional income or any prospects for future employment caused Plaintiff to lose sleep, suffer headaches and intense anxiety and depression.

42.

The termination further resulted in Plaintiff's loss of pay, prospective social security and retirement benefits and other benefits associated with employment.

## COUNT ONE
### RETALIATION IN VIOLATION OF THE FLSA

43.

The allegations contained in paragraphs 1 through 42 are hereby incorporated by this reference.

44.

Defendants' actions in discharging Plaintiff following their complaints of unlawful practices were committed with reckless disregard for Plaintiffs' right to be free from discriminatory treatment on account of their opposition to such practices and in violation of the Fair Labor Standards Act, 29 U.S.C. § 215.

45.

The effect of Defendants' above-mentioned acts has been to deprive Plaintiff of equal employment opportunities and benefits due to her as an employee because of her willingness to oppose such unlawful practices.

46.

Defendants' retaliatory conduct was willful and done in bad faith.

47.

As a direct and proximate result of result of Defendants' violations, Plaintiff has lost wages and is entitled to recovery of those wages with interest to date plus liquidated damages in an amount equal to the unpaid compensation pursuant to the FLSA, 29 U.S.C. §§ 215 and 216(b).

## COUNT TWO
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.

The allegations contained in paragraphs 1 through 42 are hereby incorporated by this reference.

49.

Defendant Arias, by his acts and conduct, intentionally, willfully, and wantonly attempted to cause Plaintiff to become emotionally upset and to suffer emotional distress.

50.

Defendant Four Seasons, at all times, knew or in the exercise of reasonable care should have known of the conduct of its agent, owner and manager, Defendant Arias.

51.

Defendants Four Seasons failure to act on such knowledge and protect Plaintiff, like the wrongful actions of its agent, Defendant Arias, was intentional and done with a reckless disregard for Plaintiff's rights.

52.

Defendants' wrongful conduct was extreme and outrageous, and has had the effect of frightening, humiliating, insulting, intimidating and altogether embarrassing Plaintiff to the extent that she has suffered and continues to suffer severe physical emotional distress, including but not limited to headaches, sleep disorders, depression, and daily stress and anxiety.

53.

As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT THREE
### P<small>UNITIVE</small> D<small>AMAGES</small> U<small>NDER</small> S<small>TATE</small> L<small>AW</small>

54.

The allegations contained in paragraphs 1 through 42 are hereby incorporated by this reference.

55.

Defendants' act of terminating Plaintiff for opposing actions that constitute a violation of the law and thereby intentionally causing her to suffer severe emotional distress constitutes willful misconduct, demonstrating wantonness, oppression and that entire want of care which would raise the presumption of conscious indifference to the consequences that entitle Plaintiff to punitive damages under O.C.G.A. § 51-12-5.1.

## COUNT FOUR
### E<small>XPENSES OF LITIGATION</small>

56.

The allegations contained in paragraphs 1 through 42 are hereby incorporated by this reference.

57.

By their conduct as more particularly described above, Defendants have acted in bad faith, have been stubbornly litigious and have put Plaintiff to unnecessary trouble and expense.

30.

Accordingly, Plaintiff is entitled to recover her attorneys' fees and expenses incurred in this action pursuant to O.C.G.A. § 13-6-11.

**RELIEF**

Plaintiff respectfully requests that this Court:

1. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured by the Fair Labor Standards Act of 1938, as amended and the laws of the State of Georgia;

2. Grant Plaintiff a permanent injunction enjoining Defendants, it's or their officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff or others similarly situated because of her or their opposition to the unlawful practices outlined here or because of his or their participation in this lawsuit;

    3.  Order Defendant to make the Plaintiff whole by providing for her lost pay plus interest as requested under Count One and as shown upon the trial of this matter;

    4. Grant to Plaintiff liquidated damages under the FLSA in an amount equal to the sum of her lost wages as requested under Count One;

    5.  Grant to Plaintiff additional compensatory damages as requested under Count Two and as shown upon a trial of this matter;

    6.  Grant to Plaintiff punitive damages as requested under Count Three and as shown upon a trial of this matter;

    7.  Grant to Plaintiff a jury trial on all issues so triable;

    8.  Grant to Plaintiff her costs in this action and reasonable attorneys' fees as provided by federal and state law; and

    9.  Grant such additional relief as the Court deems proper and just.

    Respectfully submitted,

                            JF BEASLEY, LLC

                        By:   <u>/s/ John F. Beasley, Jr.</u>
                                John F. Beasley, Jr.
                                Georgia Bar No. 045010
                                jfbeasley@jfbeasleylaw.com

31 North Main Street
P.O. Box 309
Watkinsville, GA 30677
Telephone:  706-769-4410
Facsimile:   706-769-4471

Counsel for Plaintiff